UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ROBERT MARELLO,

                Plaintiff,

- against -

NANCY A. BERRYHILL,

                Defendant.

**ORDER**

17 Civ. 4238 (PGG) (BCM)

PAUL G. GARDEPHE, U.S.D.J.:

        Plaintiff Robert Marello filed this action on June 6, 2017 pursuant to Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), seeking review of a final decision of the Commissioner of the Social Security Administration (the "Commissioner") denying his application for Disability Insurance Benefits. (Dkt. No. 1) On November 9, 2017, this Court referred the action to Magistrate Judge Barbara C. Moses. (Dkt. No. 9) On April 25, 2018, Plaintiff moved for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c). (Dkt. No. 15) On June 25, 2018, the Commissioner cross-moved for judgment on the pleadings. (Dkt. No. 17) On September 18, 2018, Judge Moses issued a Report and Recommendation (R&R) recommending that this Court grant the Commissioner's motion, and deny Plaintiff's motion. (Dkt. No. 19)

        In her R&R, Judge Moses notifies the parties that they have fourteen days from service of the R&R to file any objections, pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure. (R&R (Dkt. No. 19) at 34) The R&R further states that "[f]ailure to file timely objections will preclude appellate appeal." (Id.) Neither party has filed objections to the R&R.

## DISCUSSION

### I. STANDARD OF REVIEW

In reviewing a R&R, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Where a timely objection has been made to the magistrate judge's recommendations, the district court judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." Id.

Where, as here, no objections are filed to a magistrate judge's R&R – despite clear warning that a failure to file objections will result in a waiver of judicial review – judicial review has been waived. See Thomas v. Arn, 474 U.S. 140, 147-48 (1985); see also Mario v. P & C Food Markets, Inc., 313 F.3d 758, 766 (2d Cir. 2002) ("Where parties receive clear notice of the consequences, failure timely to object to a magistrate's report and recommendation operates as a waiver of further judicial review of the magistrate's decision." (citing Small v. Sec'y of Health and Human Servs., 892 F.2d 15, 16 (2d Cir. 1989) (per curiam))); Spence v. Superintendent, Great Meadow Correctional Facility, 219 F.3d 162, 174 (2d Cir. 2000) ("Failure to timely object to a report generally waives any further judicial review of the findings contained in the report.").

This Court has nonetheless reviewed Judge Moses's comprehensive and well-reasoned R&R and is satisfied that "there is no clear error on the face of the record." Nelson v. Smith, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985) (citations omitted).

### II. ANALYSIS

The ALJ determined that Plaintiff has the following severe impairments: "degenerative joint disease of the right shoulder, degenerative disc disease and degenerative joint

2

disease of the cervical spine, hypertension, ulcerative colitis, and acid reflux disease." (AR at 400)[1] The ALJ further concluded, inter alia, that Plaintiff has the residual functional capacity ("RFC") to perform "sedentary work," as that term is defined in 20 CFR 404.1567(a), with certain exceptions.[2] (Id. at 401)

Finally,

> [t]aking into account plaintiff's age, education, work experience and residual functional capacity, the ALJ ruled that he was capable of working as a surveillance system monitor or order clerk, both of which are unskilled positions, or as an information clerk, which is a semi-skilled position, but which the ALJ determined did not require any skills that plaintiff had not acquired in his past relevant work. [(Id. 409)] As there were significant numbers of these positions in the national economy, the ALJ concluded that plaintiff was not disabled under sections 216(i) and 223(d) of the Act. [(Id. 410)]

(R&R (Dkt. No. 19) at 24-25)

Judge Moses found that (1) the ALJ did not err in not giving controlling weight to Plaintiff's treating physician (id. at 28-32), (2) the ALJ's conclusion that Plaintiff can perform sedentary work is supported by substantial evidence (id. at 32-34), and (3) Plaintiff's claims that the ALJ improperly rejected certain testimony are without merit (id. at 27-28). Accordingly, she recommends that this Court deny Plaintiff's motion for judgment on the pleadings and grant the Commissioner's cross-motion.

Having conducted a review of the 34-page R&R, the Court finds that it is extremely thorough, well-reasoned, and entirely in conformity with the law. Accordingly, the

---

[1] "AR" refers to citations to the Administrative Record.
[2] These exceptions are that Plaintiff "could sit for a total of six hours and stand or walk for the remaining two hours in an eight hour workday; could lift five pounds frequently and 10 pounds occasionally; could not engage in activities requiring pushing or pulling with the upper extremities; could not climb ropes, ladders or scaffolds; could not kneel or crawl; could occasionally climb stairs and ramps, balance, stoop and crouch; could occasionally reach with his dominant right upper extremity, and frequently reach with his left upper extremity; could frequently engage in activities requiring bilateral gripping and manual dexterity; and must avoid workplace hazards such as unprotected heights." (AR at 401)

3

R&R's recommendations are adopted in their entirety, and the Commissioner's motion for judgment on the pleadings will be granted.

## **CONCLUSION**

For the reasons stated above, Judge Moses's R&R is not clearly erroneous. Accordingly, the Court adopts the findings and conclusions set forth in the R&R. The Commissioner's motion for judgment on the pleadings is granted (Dkt. No. 17), and Plaintiff's motion for judgment on the pleadings is denied (Dkt. No. 15). The Clerk of the Court is directed to terminate these motions (Dkt. Nos. 15, 17) and close this case.

Dated: New York, New York
       March 31, 2019

                            SO ORDERED.

                            _____
                            Paul G. Gardephe
                            United States District Judge